IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JOHNNY FLORES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MOTOROLA SOLUTIONS, INC., et al., <br><br> Defendants. | Case No. 1:20-cv-01128 <br><br> Judge Charles R. Norgle |

# ORDER

Defendants' motion to dismiss for failure to state a claim and for lack of jurisdiction [24] is granted in part and denied in part. Pla intiffs do not oppose Defendants' motion to dismiss Plaintiffs' 170 ILCS 14/15(a) claim (Count I) pursuant to Fed. R. Civ. P. Rule 12(b)(1), so dismissal of that claim is granted. All other claims shall proceed to discovery.

For case management purposes, motions for extension of time [12] [26] [27] are granted. Unopposed motion to modify proposed briefing schedule and for leave to file excess pages [22] is granted.

On October 14, the parties filed a Joint Motion for an Initial Status Conference [31], in part because they disagreed whether discovery should commence given the pending motion to dismiss. Because this Order denies that motion to dismiss in part and discovery will proceed, the Joint Motion for Initial Status Conference [31] is denied.

# STATEMENT

Plaintiffs bring this class action lawsuit against Motorola Solutions, Inc. and Vigilant Solutions, LLC (collectively, "Defendants") for alleged violations of Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. According to Plaintiffs, Defendants maintain a gallery of over 18 million public booking photographs (or "mugshots") that includes tens of thousands of Illinois residents. Defendants allegedly extract and store class members' facial biometric information from these photographs without permission or written consent, and then profit from disclosing this information, along with certain technologies, to law enforcement agencies. Via contract or fee, agencies gain access to Defendants' database and facial search engine and use the biometric information to develop investigative leads and "short-list" potential suspects.

1

Plaintiffs assert that Defendants' actions violate various sections of BIPA, including 740 ILCS 14/15(a)-(e).[1] In summary, these sections prohibit private entities from collecting biometric information without written consent, profiting from the sale or trade of that information, and disclosing or disseminating that information without consent. The statute also requires that private entities establish a retention schedule for the biometric information they collect, including plans for its destruction, and protect the information using a reasonable standard of care. 740 ILCS 14/15.[2] Plaintiffs seek statutory damages, disgorgement of Defendants' ill-gotten gains, and an injunctive order requiring that the class members' data be deleted from Defendants' biometric database.

Defendants urge the Court to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In their motion to dismiss the complaint, Defendants argue that (1) BIPA Section 25(e) precludes actions against contractors working for state or local government agencies and (2) Plaintiffs fail to allege facts stating plausible claims under BIPA and unjust enrichment. However, the Court finds that Plaintiffs have met the notice-pleading requirements at this stage of the litigation and discovery should proceed.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-557 (2007). This statement must provide sufficient plausible facts to put a defendant on notice of the claims against him. Brooks v. Ross, 578 F. 3d 574, 581 (7th Cir. 2009). The complaint "must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above a speculative level.'" Doe v. Village of Arlington Heights, 782 F.3d 911, 914 (7th Cir. 2015) (quoting Twombly, 550 U.S. at 555, 570). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citations and quotation marks omitted). In reviewing a plaintiff's claim, the court "must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

Defendants first argue that Plaintiffs' BIPA claims fail as a matter of law because the statute specifically precludes statutory action against government contractors. "Nothing in this Act shall be construed to apply to a contractor, subcontractor, agent of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25(e). Defendants argue that they squarely fall into this exempted category under the plain language of the statute because, as Plaintiffs' complaint articulates, Defendants sell their technology and

---

[1] These Sections are the basis for Counts I-V of Plaintiffs' complaint, respectively. Plaintiffs also bring claims for Unjust Enrichment (Count VI) and Injunctive Relief (Count VII).

[2] See 740 ILCS 14/15(a) ("A private entity in possession of biometric identifiers or biometric information must develop a written policy . . . establishing a retention schedule and guidelines for permanently destroying" the identifiers and must comply with that schedule; 740 ILCS 14/15(b) ("No private entity may collect . . . or otherwise obtain a person's or customer's biometric" identifier or information, unless it obtains written consent, among other requirements); 740 ILCS 14/15(c) ("No private entity . . . may sell, lease, trade, or otherwise profit from" biometric identifiers or information); 740 ILCS 14/15(d) ("No private entity . . . may disclose . . . or otherwise disseminate" biometric information unless it obtains consent or the disclosure meets certain other statutory requirements); 740 ILCS 14/15(e) ("A private entity . . . shall: store, transmit, and protect from disclosure all" biometric identifiers and information "using a reasonable standard of care within the private entity's industry" and "in a manner that is the same as or more protective than the manner in which the private entity" does).

database access to government agencies by "contracting with law enforcement agencies." Dkt. 6, Am. Compl., ¶ 24.

Plaintiffs deny this broad interpretation of the statute, arguing that BIPA does not "exempt all conduct of 'private entities that provide products and services to the government[,]'" but only when the private entities are "working for" the government. Dkt. 29 at 5-6 (citing United States v. Franz, 886 F.2d 973 (7th Cir. 1989) for the maxim that courts should not interpret a statute such that words or phrases become meaningless or superfluous). In Plaintiffs' view, Defendants do not "work for" the government, as evidenced by the allegations that they voluntarily created the database, do not sell their product exclusively to government agencies, and retain control of critical business decisions. Dkt. 29 at 5.

At this stage of litigation, the Court will not conclude that Defendants plainly fall under the Section 25(e) exemption. None of the parties' briefs regarding Section 25(e) include any citation to binding or persuasive law on this issue. Plaintiffs assert that Defendants offer biometric information, and the technology to make it useful, to "law enforcement agencies *and others throughout the country.*" Dkt. 6 at 3 (emphasis added). Thus, even considering Section 25(e), Plaintiffs' claims survive the motion to dismiss. Defendants may raise their statutory exemption argument again at later stages of litigation, but the Court today finds that discovery is necessary to assess Plaintiffs' claims.

Regarding Section 15(b)'s requirement that written consent be obtained before collecting biometric information, Defendant's argue that the section only applies where an information collector has some relationship with the individual and has an opportunity to perform the written exchange of notice—which Defendants here lack with Plaintiffs. Dkt. 25 at 8 (citing the Circuit Court of Cook County, Bernal v. ADP, No. 2017-CH-12364, at 2-3 (Aug. 23, 2019)). However, the Court will not apply this interpretation, articulated in *dicta* from the Illinois Circuit Court, to the statute today. The requirement Defendants read into the statute does not appear in the statutory language itself. There is also persuasive authority that the statute applies where no relationship between the collector and the individual exists. See Monroy v. Shutterfly, Inc., No. 16 C 10984, 2017 WL 4099846, at *1 (N.D. Ill. Sept. 15, 2017) (denying motion to dismiss when Plaintiff "[did] not use Shutterfly and never consented to Shutterfly's extraction and storage of data representing his face geometry.").

Similarly, the Court will not today carve out an exemption from the statute for the collection of biometric identifiers or information if the identifiers or information are publicly available, as Defendants insist it should. BIPA is designed to protect the privacy information of individuals. "Through the Act, our General Assembly has codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." Rosenbach v. Six Flags Entm't Corp., 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206. The Court cannot say that those protections do not apply to any publicly published photographs of individuals—especially given that the biometric data in this case is the facial geometry of the class members, in contrast to the photos themselves.

BIPA Section 15(c) prohibits private entities from selling, leasing, trading, or otherwise profiting from a person's biometric identifier or information. 740 ILCS 14/15(c). On this claim, Defendants attack Plaintiffs' complaint as merely conclusory, assert that they sell only "biometric technology" when BIPA allegedly only prohibits "selling, leasing, or trading the biometric *data* itself,"[3] and argue that the proper interpretation of "otherwise profit from" does not evince a legislative intent to encompass the sale of biometric *technology* as opposed to data. However,

---

[3] Dkt. 25 at 10 (emphasis in original).

Plaintiffs' complaint asserts that Defendants develop the database by extracting biometric identifiers,[4] compare novel images to the database images to find facial matches, and offer access to that database for a fee to law enforcement. Based on the allegations, biometric data is a necessary element to Defendant's business model. On a motion to dismiss, the Court cannot say that as a matter of law under the statute, this activity does not constitute selling or profiting from biometric information.

BIPA Section 15(d) prohibits private entities from disclosing or disseminating biometric data without the person's consent or unless the disclosure meets certain requirements, and Section 15(e) requires private entities to store, transmit, and protect from disclosure all biometric information with a reasonable standard of care and in a manner at least as protective as the person protects their other confidential and sensitive information. 740 ILCS 14/15(d). For reasons discussed *supra*, these claims also survive the motion to dismiss. Plaintiffs make a plausible claim that Defendants, via their database match process, disclose and disseminate Plaintiffs' biometric information, and the Court must draw all reasonable inferences in the plaintiff's favor. Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

Because Plaintiffs' unjust enrichment claim is necessarily tied to the sufficiency of the elements of their other claims, and those claims survive, the unjust enrichment claim survives the motion to dismiss as well. The parties do not address Plaintiffs' Count VII for injunctive relief. While injunctive relief is not a separate cause of action, such relief may be appropriate in this case, and the claim remains.

## CONCLUSION

Taking all factual allegations as true, the Court finds that Plaintiffs have sufficiently pleaded so as to give Defendants notice of the claims against them. Plaintiffs' claim regarding 170 ILCS 14/15(a) is dismissed, as Plaintiff does not oppose its dismissal.[5] However, all other claims should proceed to the discovery stage. Defendants' arguments may prove successful at the summary judgment stage or beyond, but at this early stage, the Court denies the motion in part and grants the motion in part.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 8, 2021

---

[4] "In particular, Defendants performed a scan of the facial geometry of each depicted individual [and] stored the resultant biometric identifiers[.]" Dkt. 6, Am. Compl. ¶ 5.
[5] Dkt. 29 at 15, fn. 6 ("Based on the Seventh Circuit's recent ruling in Bryant v. Compass Grp. USA, Inc., 958 F.3d 617, 626 (7th Cir. 2020), Plaintiffs do not oppose Defendants' Rule 12(b)(1) motion to dismiss Plaintiffs § 15(a) claim.").