# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHNNY FLORES, ARIEL GOMEZ and DERRICK LEWIS, for themselves and others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:20–cv–01128 |
| v. ) ) | Judge Charles R. Norgle, Sr. |
| MOTOROLA SOLUTIONS, INC. and VIGILANT SOLUTIONS, LLC, ) ) ) | |
| Defendants. ) | |

**MOTOROLA SOLUTIONS, INC.'S
FIRST SET OF INTERROGATORIES TO JOHNNY FLORES**

Defendants Motorola Solutions, Inc. and Vigilant Solutions, LLC serve the following set of interrogatories to Johnny Flores and requests that he serve written answers in accordance with Federal Rule of Civil Procedure 33 within thirty (30) days after service.

**DEFINITIONS**

1. "You," "Your," and/or "Plaintiffs" means Plaintiffs, their counsel, and any consultants, experts, investigators, agents or other persons acting on their behalf.

2. "Communication" means the transmittal or transfer (orally, in writing, electronically, or in any other manner) of information of any kind (in the form of facts, ideas, inquiries; or otherwise).

3. "Person" means any natural person or any business, legal or governmental agency, or association of whatever kind, nature, or description.

4. "Mugshot" means a photograph of a person's face, taken by law enforcement agencies or correctional authorities for an official purpose.

5. "First Amended Complaint" means the pleading that Plaintiffs filed in this case on February 18, 2020.

6. Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "and," and "all" shall be deemed to include each of the other functional words.

7. The terms "relating," "referring," "reflecting," "concerning" and their variants shall be construed to bring within the scope of the request any Document or information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of the subject matter of the request, including, without limitation, all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports or otherwise evidences the existence of the subject matter of the request.

## **INSTRUCTIONS**

1. This request is for all responsive information that is in the possession, custody, or control of plaintiff Johnny Flores, including, without limitation, information that is in the possession, custody, or control of his attorneys, agents, or representatives, or any other person acting on his behalf.

2. If You refuse to answer any of the following interrogatories, in whole or in part, based upon a claim of privilege, please provide a statement, signed by an attorney representing You, setting forth as to each such interrogatory the nature of the privileged information and the

justification for the claim of privilege in sufficient detail to assess the validity of the claim of privilege.

3. You are to supplement Your answers to these Interrogatories to the full extent required by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1. Identify each purported class action in which You have served or sought to serve as a class representative (either in your complaint or through motion practice) at any time.

2. Identify and describe with particularity all lawsuits and arbitrations in which you were a plaintiff or a defendant and all administrative, enforcement, criminal, or disciplinary actions directed against you at any time by any federal, state, or local court, agency, or licensing board or body, and for each such matter, state the full title or caption of the case, the docket number and the court or forum in which it was or is pending, the nature of the claims at issue, the relief sought, the name of your counsel, and the disposition or status of the litigation or proceeding.

3. Identify and describe any sworn testimony you have provided in any legal proceeding in the past ten years, including the caption, case number, court, date of testimony, and your role in the proceeding.

4. Identify and describe the circumstances that caused you to engage your counsel in this class-action litigation, including the circumstances whereby you became aware of such counsel and their availability to represent you in this class-action litigation and describe every business, financial, professional, investment, personal, or other relationship that you ever have had with any of your attorneys in this action.

3

5. Identify the date on which You first communicated for the purpose of seeking legal advice or representation in this matter with the law firm of Loevy & Loevy and identify all communications between You and Loevy & Loevy before that date.

6. Identify and describe any oral and/or written agreements entered into by You in connection with the above-captioned action.

7. Identify and describe in detail the nature, amount, and date of any direct or indirect compensation to You or compensation for the benefit of You from any person relating to this case, including compensation made or expected to be made, whether or not contingent on the outcome of this lawsuit.

8. Identify each and every person with whom You communicated relating to Defendants or this lawsuit.

9. Identify and describe each and every communication You have had with any putative class member and each and every unsuccessful attempt You had made at communicating with any putative class member.

10. Identify all instances where You have been arrested by federal, state, or local law enforcement, including (a) date of arrest; (b) arresting agency; (c) location of arrest; (d) reasons for arrest; and (e) result of criminal proceeding following arrest.

11. Identify the factual basis for the allegation in Paragraph 8 of the Amended Complaint that "[f]or a fee, Defendants offered, and continue to offer, law enforcement agencies and others throughout the country the opportunity to access and use their Biometric Database as a 'facial search engine'" allowing the identification of persons in the database."

12. Identify the factual basis for the allegation in Paragraph 8 of the Amended Complaint that "Defendants also incorporated, and continue to incorporate, the Biometric

4

Database into their other facial recognition products, thereby allowing the real and near-real time identification and tracking of millions of people—including Plaintiff and Class Members—wherever they may go."

13. Identify the factual basis for the allegation that "Defendants are in possession of Mr. Flores'[s] booking photo(s), have used such image(s) to extract his biometric identifiers and are currently in possession of his biometric identifiers and information," as alleged in Paragraph 15 of the First Amended Complaint.

14. Identify the factual basis for the allegation that in Paragraph 24 of the Amended Complaint that "Defendant Vigilant . . . currently maintains the booking photographs taken of Plaintiffs and Class Members in Illinois."

15. Identify the factual basis for the allegation in Paragraph 45 of the Amended Complaint that "Defendants . . . affirmatively disclosed Plaintiffs' and Class Members' biometric identifiers and information."

16. Identify the factual basis for the allegation in Paragraph 47 of the Amended Complaint that "Defendants also sold, leased, traded, and otherwise profited from the biometric identifiers and information of Plaintiffs and Class Members."

17. Identify the date You came to believe that Your Mugshot was included in the FaceSearch image gallery and the basis for Your belief at that time.

18. Identify all instances in which You attempted to have Your Mugshot removed from (i) the public record; or (ii) the FaceSearch image gallery, and the affirmative steps taken by You in connection with each attempt.

19. Identify any instance where You learned that Defendants' law enforcement customers accessed Your Mugshot in the FaceSearch image gallery.

5

20. Identify any actual damages that You assert You suffered as a result of Defendants' alleged actions, and quantify (or provide an estimate of) the monetary amount of such actual damages.

21. Provide your full name, date of birth, place of birth, any alias used or reported to use, and place of residency.

22. Identify any social media accounts or other media, platform, communications where You have posted Your own image in a social media, internet, or public forum.

23. Identify any witnesses, including experts, whom You may rely upon in connection with class certification proceedings and/or trial in this action, and state as to each such witness the substance of facts and opinions to which he or she is expected to provide and a summary of the grounds for each opinion.

Dated: May 24, 2021

                                              MOTOROLA SOLUTIONS, INC.

                                              By: /s/ *Andrew W. Vail*
                                                    One of Its Attorneys

David C. Layden
dlayden@jenner.com
Andrew W. Vail
avail@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350

## CERTIFICATE OF SERVICE

I, Andrew W. Vail, an attorney, hereby certify that, on May 24, 2021, I served the foregoing document via electronic email delivery upon:

>Arthur Loevy
>Jon Loevy
>Michael Kanovitz
>Scott R. Drury
>Elizabeth Wang
>LOEVY & LOEVY
>311 North Aberdeen, 3rd Floor
>Chicago, Illinois  60607

>/s/ *Andrew W. Vail*
>One of Defendant's Attorneys