# Exhibit 14

353 N. CLARK STREET CHICAGO, IL 60654-3456

**JENNER&BLOCK** LLP

August 9, 2021

Andrew Vail
Tel +1 312 840 8688
Fax +1 312 840 8788
AVail@jenner.com

Scott Drury
Andrew C. Miller
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607

Re: *Flores v. Motorola Solutions, Inc., et al.*, No. 1:20-cv-01128 (N.D. Ill.)

Dear Scott and Andrew,

We write regarding Johnny Flores's, Ariel Gomez's, and Derek Lewis's (together, "Plaintiffs") written responses to Motorola and Vigilant's (together, "Defendants") First Set of Requests for Admission ("RFAs"), First Request for Production of Documents ("RFPs"), and First Set of Interrogatories ("Interrogatories") to each of the Plaintiffs. As outlined below, Plaintiffs' responses are inadequate in several respects. We request that Plaintiffs address these deficiencies as stated below and also to meet and confer on August 13, 2021 to promptly bring these matters to resolution, including to fully explore whether we can avoid burdening the Court with a motion to compel. If you are unavailable at that time and are unwilling to address the deficiencies identified below, please propose an alternative date this week for us to meet and confer.

## I. REQUESTS FOR ADMISSION

### A. PLAINTIFF FLORES

**Request No. 1:  Admit that Your Mugshot was taken lawfully during Your arrest by the Chicago Police Department.**

Request No. 1 seeks an admission that Flores's Mugshot was taken lawfully by the Chicago Police Department. Plaintiffs object to this request as calling for a legal conclusion, being overly broad, assuming facts not in evidence, and lacking foundation. None of these purported objections are a proper basis to object to, and to avoid properly answering, a request for admission. *See Martinez v. Cook County*, No. 11 C 1794, 2012 WL 6186601 at *4-5 (N.D. Ill. Dec. 12, 2012) (explaining that discoverability does not depend on admissibility); *Marc Maghsoudi Enterprises, Inc. v. Tufenkian Import/Export Ventures, Inc.*, No. 08 C 441, 2010 WL 11590207, at *2 (N.D. Ill. Feb. 23, 2010) (noting it "is evident" that the scope of discovery is broader than admissibility and that requests "can be broader" than what is admissible to prove claims); *cf. United Auto Ins. v.*

August 9, 2021
Page 2

*Veluchamy*, No. 09 C 5487, 2010 WL 749980, at *5 (N.D. Ill. 2010) (noting that boilerplate responses are improper) (internal quotations and citations omitted). Contrary to what Plaintiffs assert, the word Mugshot does not call for a "legal conclusion." Plaintiffs cite *Katzman v. United States* to support their position, but *Katzman* involved a request for admission that required an exhaustive legal analysis: review and analysis of "*every* IRS document" that related to the subject matter of the request. No. 11 C 1441, 2012 WL 601771, at *1 (N.D. Ill. Feb. 23, 2012) (emphasis added). Unlike the RFA at issue in *Katzman*, Defendants' definition of "Mugshot" is straightforward and requires no legal analysis or extensive review of opinions or government policies. "Mugshot" is defined in the Requests for Admission as "a photograph of a persons' face, taken for an official purpose by law enforcement agencies or correctional authorities." Whether the Chicago Police Department took such a photograph of Flores is not a legal conclusion but a factual matter (of which Flores has first-hand knowledge).

To the extent Plaintiffs' refusal to properly answer this request is based upon a belief that the photographs were not taken "lawfully," please state Plaintiffs' basis for that belief. As the court recognized in *Katzman*, requests for admission are "intended to allow 'parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Katzman*, 2012 WL 601771, at *1 (quoting *United States v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987)). Unlike the Request For Admission at issue in *Katzman*, Request No. 1 seeks admissions of straightforward propositions that will narrow the issues for trial, including whether Defendants properly obtained Plaintiffs' Mugshots, and is relevant to Defendants' affirmative defenses #11-14.

**Request No. 2: Admit that Your Mugshot is lawfully made available in the public domain by state or local law enforcement.**

Request No. 2 seeks an admission that Flores's Mugshot was placed in the public domain. Plaintiffs object that this request calls for a legal conclusion, is overly broad, assumes facts not in evidence, and is irrelevant. For the reasons described above in connection with Request for Admission No. 1, these objections are improper. As to relevancy, this request relates to issues concerning whether Defendants' alleged use of Flores's Mugshot violated the Illinois Biometric Information Privacy Act ("BIPA"), and whether Flores's claims are typical of those of other putative class members, among others. Further, it was put at issue by Plaintiffs in the First Amended Complaint. *See, e.g.*, First Am. Compl. ¶¶ 4, 31-33. Plaintiffs also object to these requests because Plaintiffs contend that the term "public domain" is undefined and Plaintiffs construe it to mean publicly accessible on the internet. The public domain refers to materials that are publicly available. Information is publicly available when it is "in a manner observable by or in a place accessible to the public." *See Publicly*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/publicly. Please confirm whether Plaintiffs' position is that Mugshots are not publicly available.

August 9, 2021
Page 3

**Request No. 3:** **Admit that Your Mugshot was taken lawfully by the Illinois Department of Corrections in connection with Your incarceration.**

Request No. 3 seeks an admission that Flores's Mugshot was taken lawfully by the Illinois Department of Corrections. Plaintiffs object to this request as calling for a legal conclusion, being overly broad, assuming facts not in evidence, and lacking foundation. None of these objections have merit or are a proper basis to avoid answering a request for admission for the reasons stated above in connection with Request for Admission No. 1.

**Request No. 4:** **Admit that Your Mugshot was lawfully made available in the public domain by the Illinois Department of Corrections.**

Request No. 4 seeks an admission that Flores's Mugshot was placed in the public domain. Plaintiffs object that this request calls for a legal conclusion, is overly broad, assumes facts not in evidence, and is irrelevant. For the reasons described above in response to Request for Admission No. 1, these objections are improper. As to relevancy, this request relates to issues concerning whether Defendants' alleged use of Flores's Mugshot violated BIPA and whether Flores's claims are typical of those of other putative class members, among others. Further, it was put at issue by Plaintiffs in the First Amended Complaint. *See, e.g.*, First Am. Compl. ¶¶ 4, 31-33. Plaintiffs also object to these requests because Plaintiffs contend that the term public domain is undefined and Plaintiffs construe it to mean publicly accessible on the internet. This is not a valid objection for the reasons stated above in connection with Request for Admission No. 2. Please confirm whether Plaintiffs' position is that Mugshots are not publicly available.

**Request Nos. 5 – 6:** **(5) Admit that Your Mugshot remains in the public domain; (6) Admit that You have not taken personally any action to have Your Mugshot removed from the public domain.**

Plaintiffs admit these requests, but condition the admissions on Plaintiffs' incorrect construction of the term "public domain" as noted above. Please supplement Plaintiffs' responses to confirm Plaintiffs' admissions remain true given our clarification with respect to Request No. 2 above, and not just those materials available on the internet.

**Request No. 7:** **Admit that You are not aware of any circumstance in which Your image has been identified from the FaceSearch database by anyone.**

Plaintiffs object to the terms "image" and "identified" as vague. These terms have common understandings and Plaintiffs' own interrogatories to Defendants use the terms "image" and "identified" over 40 times. Plaintiffs indicate that they do not have sufficient information to admit or deny this request. This request, however, seeks an admission concerning *Flores's* current knowledge of facts. Please identify what "information" Flores needs to have to be able to admit

August 9, 2021
Page 4

or deny this request, particularly given that this request asks for a simple admission concerning his current knowledge, which should not require any additional information.

**Request No. 8: Admit that You never complained in writing to anyone regarding your alleged concern that your biometric information had been captured prior to this Litigation.**

In addition to the issues with Plaintiffs' objections identified above, Plaintiffs limited the admission here to whether Flores had complained in writing to the Defendants about his concern that his biometric information had been captured prior to this Litigation. As such, Plaintiffs have improperly limited this admission to complaints to the Defendants, rather than to "anyone" as required by the request. Please clarify whether Flores has "complained in writing to anyone regarding [his] alleged concern that their biometric information had been captured prior to this Litigation," excluding Plaintiffs' counsel in this matter.

**Request Nos. 9, 10, 13**

Please confirm that no facts are being withheld and that there are no caveats to these admissions based on the stated objections.

**Request No. 11: Admit that You never contacted the Chicago Police Department about Your Mugshot prior to this Litigation.**

As described above in connection with Request for Admission No. 1, your objections to the use of the word "Mugshot" are improper. Plaintiffs object to the use of the term "contact" as vague. Plaintiffs' own discovery issued to Defendants uses this term several times and the term has a common understanding. Plaintiffs indicate that they do not have sufficient information to admit or deny this request. This request seeks an admission concerning Flores's current knowledge of facts. Please identify what information Flores would need to have to be able to admit or deny this request, particularly given that the request asks for a simple admission concerning his current knowledge, which should not require any additional information.

**Request Nos. 12, 14, 15**

Please confirm that no facts are being withheld and that there are no caveats to these denials based on the stated objections.

**B.     PLAINTIFFS LEWIS AND GOMEZ**

The Requests for Admission directed to Plaintiffs Lewis and Gomez—and Plaintiffs' responses—are largely identical in substance to Plaintiffs' responses to the Requests for Admission directed to Plaintiff Flores. Unless specified herein, Defendants raise the same concerns with Plaintiffs Lewis's and Gomez's responses as they do with those of Plaintiff Flores, although the order of such requests are slightly different.

August 9, 2021
Page 5

**Lewis Request No. 13:  Admit that You pled guilty to criminal offenses on multiple occasions.**

Plaintiffs' objections that this request does not seek relevant information and was asserted for the purposes of harassment and embarrassment ae without merit. This request is directly relevant to the parties' claims and defenses because it relates to issues concerning whether Defendants' alleged use of Lewis's Mugshot violated BIPA and whether Lewis's claims are typical of those of other putative class members, among others. Further, it was put at issue by Plaintiffs in the First Amended Complaint. *See, e.g.*, First Am. Compl. ¶¶ 4, 14, 31-33. Moreover, Plaintiffs remarkably assert that they do not have sufficient information to admit or deny this request.  This request seeks an admission concerning Lewis's current knowledge of facts (which presumably must include whether he pled guilty to criminal offenses on multiple occasions).  Please identify what information Lewis needs to be able to admit or deny this request, particularly given that the request asks for a simple admission concerning his current knowledge, which should not require any additional information.

## II.     REQUESTS FOR PRODUCTION

**General Objections**

Plaintiffs generally object to each and every Request for Production "to the extent it is phrased in absolute terms." It is unclear what Plaintiffs mean by the phrase "absolute terms," but to the extent Plaintiffs are withholding information on the basis of this objection, that is improper.

Such general objections are improper. *See Symons Intern. Group, Inc. v. Continental Cas. Co.*, No. 1:01-cv-00799-RLY-MJD, 2015 WL 4392933, at *3 (S.D. Ind. July 15, 2015) (overruling general objections to document requests); *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("[G]eneral objections made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not objections at all—and will not be considered.") (internal quotations omitted); *Avante Intern. Technology, Inc. v. Hart Intercivic, Inc.*, 2008 WL 2074093, at *2-3 (S.D. Ill. May 14, 2008) (rejecting general objections that applied to every question and noting that parties who offer them "run[] the risk of having them summarily denied"); *Ritacca v. Abbott Laboratories*, 203 F.R.D. 332, 335 n.4 (N.D. Ill. 2001) ("As courts have repeatedly pointed out, blanket objections are patently improper.").

The Federal Rules of Civil Procedure entitle parties to discovery on "*any* nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1) (emphasis added). Plaintiffs are not permitted to withhold relevant, non-privileged information based on their characterization that a Request for Production has been phrased in "absolute terms." Please let us know whether Plaintiffs have withheld any information on the basis of this objection.

August 9, 2021
Page 6

### Requests Nos. 1 – 7, 10, 24, 26

Plaintiffs make various objections to these Requests for Production but indicate that they will produce responsive documents. We understand that to mean that Plaintiffs are not withholding any non-privileged responsive documents. Please let us know if that understanding is incorrect. To the extent Plaintiffs have objected on the basis of privilege, please confirm that Plaintiffs will provide Defendants with a privilege log in accordance with the requirements of Rule 26(b)(5).

### Request No. 8: All documents relating to any communications seeking to identify, recruit, or solicit potential plaintiffs for the present lawsuit, including any email or postings, communications, or messages on social media sites.

Plaintiffs object to Request No. 8 on relevance grounds. The materials sought by this request include Plaintiffs' and Plaintiffs' counsel's efforts to identify, recruit, and engage in non-privileged communications with potential class representatives and class members, and are relevant to, among other things, issues concerning the adequacy of lead plaintiffs and their counsel to represent the putative class, and the typicality of lead plaintiffs' alleged claims, among other matters. To the extent that Plaintiffs believe information responsive to Request No. 8 is privileged, please confirm that Plaintiffs will provide a privilege log in accordance with the requirements of Rule 26(b)(5).

### Request No. 9: Your engagement letter with Your counsel for this case.

Plaintiffs are incorrect in their assertion that their engagement letters are privileged. Engagement letters are not privileged under Illinois or federal law. *Stopka v. American Family Mut. Ins. Co., Inc.*, 816 F. Supp. 2d 516, 532-33 (N.D. Ill. 2011) (concluding that retainer agreement was not protected by the attorney-client privilege); *United States Securities and Exchange Commission v. Hollnagel*, No. 07 CV 4358, 2010 WL 11586980, at *17 (N.D. Ill. Jan. 22, 2010) ("Because the terms of an engagement are generally not privileged, engagement letters between a client and a law firm also generally are not privileged[.]") (report of special master).

Further, the documents requested in this Request for Productions are directly relevant to the parties' claims or defenses. The request seeks information that is relevant to, among other things, issues concerning the adequacy of lead plaintiffs and their counsel to represent the putative class, and the typicality of lead plaintiffs' alleged claims, among other matters

### Request No. 10 : All Documents constituting or relating to any statements made by You or any communications between You and any non-attorneys regarding any matters encompassed by the allegations in the First Amended Complaint, including any email or postings, communications, or messages on social media sites.

Plaintiffs' boilerplate objections that the request is vague and overly broad are improper. *See, e.g.*, *Veluchamy*, 2010 WL 749980 at *5. Plaintiffs have not identified how the request is overly broad

August 9, 2021
Page 7

or vague and Plaintiffs' response suggests that they understand the request without any further need for clarification. To the extent any clarification is necessary, please identify what Plaintiffs do not understand about this request by close of business on Wednesday, August 11.

Plaintiffs' relevance objections are also misplaced, as the request seeks information directly relevant to the parties' claims or defenses. It requests documents that are relevant to, among other things, issues concerning the adequacy of lead plaintiffs and their counsel to represent the putative class, and the typicality of lead plaintiffs' alleged claims, among other matters. Plaintiffs also provide no explanation for how the request is disproportionate to the needs of the case, particularly where Plaintiffs state that Plaintiffs are unaware of such documents.

Plaintiffs' answer is confusing in that it also states, subject to privilege, that Plaintiffs would produce any documents if they existed. Please confirm Plaintiffs have conducted a reasonable search for such materials and identify the steps Plaintiffs have taken to look for responsive materials, including confirming that the search was done with the involvement of and oversight from counsel. To the extent that Plaintiffs believe information responsive to Request No. 10 is privileged, please confirm that Plaintiffs will provide a privilege log in accordance with the requirements of Rule 26(b)(5).

**Request No. 11: All copies of any Mugshots taken of You, whether reproduced in any form or media.**

Plaintiffs object to the term "Mugshot" because Plaintiffs contend it calls for a legal conclusion, assumes facts not in evidence, and lacks foundation. These objections are improper for the reasons identified in connection with Flores Request for Admission No. 1. Plaintiffs used the word "mugshot" multiple times in their Complaint. *See* First Am. Compl. ¶¶ 4, 38, 40. "Mugshot" is defined in the Requests for Production as "a photograph of a person's face, taken by law enforcement agencies or correctional authorities for an official purpose."

Plaintiffs' refusal to produce materials equally available to both parties is also improper. *See Webster Bank, N.A. v. Pierce & Associates, P.C.*, No. 16 C 2522, 2017 WL 11560211, at *1 (N.D. Ill. Aug. 15, 2017); *Meyer v. Southern Pacific Lines*, 199 F.R.D. 610, 615 n.12 (N.D. Ill. 2001).

Plaintiffs' relevance objection is also misplaced in a case where Plaintiffs' entire case is based on the Defendants' alleged use of Mugshots. Plaintiffs contend that they suffered damages as a result of Defendants use of their publicly available Mugshots. The Mugshots in Plaintiffs' possession and their use of those Mugshots are, at a minimum, relevant to test Plaintiffs' assertions about loss of privacy harms.

August 9, 2021
Page 8

**Request No. 13:  All Documents You may rely on to support the claims alleged in the First Amended Complaint, or to seek certification of a class or classes in this action.**

Plaintiffs misconstrue our request.  Defendants seek all documents supporting the alleged claims in Plaintiffs' First Amended Complaint and documents that support Plaintiffs' allegations that a class should be certified in this case.  Defendants do not seek solely those materials that Plaintiffs will introduce at trial or in a motion for class certification.  Plaintiffs' objection that these requests are premature is misguided because Defendants need not wait until the eve of trial or until it receives a motion from Plaintiffs to obtain discovery on those matters relevant to the claims and allegations that Plaintiffs have asserted.

Please confirm that Plaintiffs will produce all documents in Plaintiffs' possession supporting the allegations of the First Amended Complaint or supporting Plaintiffs' allegations that a class should be certified.

To the extent that Plaintiffs believe information responsive to Request for Production No. 13 is privileged, please confirm that Plaintiffs will provide a privilege log in accordance with the requirements of Rule 26(b)(5).

**Request No. 14:  All documents relating to Your criminal history, arrests, convictions, trial, appeal, plea agreement, post-conviction proceedings, habeas petitions, expungement proceedings, or civil cases alleging wrongful arrest.**

Request No. 14 requests information concerning the criminal history of the Plaintiffs and related materials.  Plaintiffs put these materials at issue through their own allegations in the Amended Complaint that they were arrested, were incarcerated, are actually innocent, and are in various stages of seeking post-conviction relief.  *See, e.g.*, First Am. Compl. ¶¶ 14-16. This request seeks information directly relevant to those allegations made by Plaintiffs and are not propounded for the purposes of harassment and embarrassment as Plaintiffs contend. Plaintiffs' boilerplate objections that the request is unduly burdensome "as this litigation is about Defendant's [alleged conduct]" are improper, particularly in light of the fact that Plaintiffs have put these matters at issue. Further, this request seeks information that sheds light on the number of times Plaintiffs have placed into the public record information about their mugshots. Please confirm that Plaintiffs will produce all documents responsive to this request.

**Request Nos. 15 – 17**:

These requests seek information concerning Plaintiffs' prior testimony and litigation history. Plaintiffs assert that these matters are not relevant.  To the contrary, these matters are relevant to, among other things, issues concerning the adequacy of lead plaintiffs and their counsel to represent the putative class, and the typicality of lead plaintiffs' alleged claims, among other matters. Please confirm that Plaintiffs will produce materials responsive to this request.

August 9, 2021
Page 9

**Request No. 18:** **All documents demonstrating any request You made to any Person to have Your Mugshots removed from the public record.**

This request seeks documents related to any attempts by Plaintiffs to have their Mugshots removed from the public record. Plaintiffs object to the terms "Mugshot" and "public record." Plaintiffs objection to the term "Mugshot" is improper as discussed in connection with Flores Request for Admission No. 1, as well as Request for Production No. 11. As discussed in connection with Flores Request for Admission No. 2, the definition of "public record" is broader than Plaintiffs' construction, and the definition used in Flores Request for Admission No. 2 applies here. Please let us know if you dispute this definition or we will assume that you accept it. Plaintiffs' relevance objections are similarly misplaced. Plaintiffs contend that they suffered damages as a result of Defendants' use of their publicly available Mugshots. Plaintiffs' attempts to have their Mugshots removed from the public record are, at a minimum, relevant to damages purportedly suffered by Plaintiffs and Plaintiffs' credibility.

Finally, to the extent that Plaintiffs believe information responsive to Request No. 18 is privileged, please confirm that Plaintiffs will provide a privilege log in accordance with the requirements of Rule 26(b)(5).

**Request No. 19:** **All documents from Defendants' FaceSearch image gallery.**

Request No. 19 seeks documents from Defendants' FaceSearch image gallery. Plaintiffs object because these documents are in Defendants' possession. Plaintiffs' refusal to produce materials equally available to both parties is improper. *See Webster Bank, N.A.*, 2017 WL 11560211, at *1; *Meyer*, 199 F.R.D. at 615 n.12. Defendants are entitled to know if Plaintiffs have accessed the FaceSearch image gallery and are entitled to discovery regarding any materials downloaded by Plaintiffs from the FaceSearch image gallery. Plaintiffs' objections provide no valid reason for not producing such materials and Plaintiffs do not contend that the Defendants are not entitled to it. Please confirm that Plaintiffs will produce responsive documents in Plaintiffs' possession, or otherwise confirm that none exist.

**Request No. 21:** **Any documents reflecting instances where You have consented to the capture, storage, transmission, or use of any of Your biometric information.**

Request No. 21 requests information concerning Plaintiffs' consent to capture, store, transmit, and use their biometric information. Plaintiffs object that other instances of consent are not relevant. Plaintiffs' consent to the use of biometric information in other instances is relevant for damages, class certification, credibility, and impeachment. This is especially true here, where Plaintiffs have alleged that information obtained from their publicly available mugshots is unique and requires protection. *See* First Am. Compl. ¶¶ 1, 2, 11, 52, 54.

August 9, 2021
Page 10

**Request No. 22:  Any documents where You have publicly posted a picture that includes Your face, or consented to someone doing so.**

Request No. 22 requests any document where Plaintiffs have publicly posted a picture that includes their face(s), or consented to someone doing so.  Plaintiffs object that the phrase "[a]ny documents where Plaintiffs have publicly posted a picture" is ambiguous and suggest Plaintiffs do not need to respond because the only photographs of Plaintiffs at issue in this case are those that are in Defendants' possession.  While the phrase "[a]ny documents where Plaintiffs have publicly posted a picture" is perfectly clear, to avoid dispute, we further clarify that this request seeks any document where Plaintiffs have displayed an image of their face(s) on the internet, any social media site, or any other place, website, or application accessible to other individuals, or where they have consented to someone else doing so.

Plaintiffs' consent to their image(s) being publicly posted is relevant to damages, class certification, credibility, impeachment, and how, if at all, Plaintiffs have attempted to protect their image from being used in a similar manner to which it was purportedly used by Defendants.

**Request No. 23:  All documents relating to Plaintiffs' allegation that Defendants' conduct has caused Plaintiffs actual injury or will cause Plaintiffs "imminent" and "impending" injury, as alleged in Paragraphs 35 and 51 of the First Amended Complaint.**

Request No. 23 seeks information concerning the purportedly imminent and impending injuries suffered by Plaintiff.  Plaintiffs object on the basis of privilege and that this is the subject of expert discovery. While this may be the basis for expert testimony, we assume that Plaintiffs had a good faith basis to make these allegations, and we are entitled to any documents that relate to such good faith basis.  To the extent that Plaintiffs believe information responsive to this request is privileged, please confirm that Plaintiffs will provide a privilege log in accordance with the requirements of Rule 26(b)(5).

**Request No. 25:  Any document that You intend to introduce at deposition, hearing, or trial in this case.**

Request No. 25 requests documents Plaintiffs intend to introduce at a deposition, hearing, or trial.  Plaintiffs object that this request seeks trial exhibits prematurely and refer to a court order concerning the same.  Please identify the court order Plaintiffs are referring to, and please confirm you will produce materials that you intend to use at a deposition or hearing.

**Request No. 26:  All Documents obtained from any third-party relating to the claims or defenses in this litigation.**

Plaintiffs' objection that this request is "overly broad in that it is not limited in time and is not limited to third-parties who have provided information in connection with this case" misreads the

August 9, 2021
Page 11

request, which clearly seeks information "relating to the claims or defenses *in this* litigation" (emphasis added).

Plaintiffs agree to produce documents, but limit Plaintiffs' response to produce only those documents obtained "via third-party subpoenas." The request does not ask only for documents obtained "via third-party subpoenas." The request asks for "[a]ll documents obtained from any third-party," regardless of whether they are obtained via third-party subpoena or some other means. This request is nearly identical to Plaintiffs' own Request for Production No. 39 issued to Defendants. Please confirm Plaintiffs will produce all documents responsive to this request and not only those obtained in response to third-party subpoenas.

### III.    INTERROGATORIES

**General Objections**

Plaintiffs generally object to each and every Interrogatory "to the extent it is phrased in absolute terms." As discussed above in connection with the general objections to the Requests for Production, such General Objections are improper. It is unclear what Plaintiffs mean by the phrase "absolute terms," but to the extent Plaintiffs are withholding information on the basis of this objection, the objection is improper.

As Plaintiffs later acknowledge in their General Objections, the Federal Rules of Civil Procedure entitle parties to discovery on "*any* nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1) (emphasis added). Plaintiffs are not permitted to withhold relevant, non-privileged information based on Plaintiffs' characterization that an Interrogatory has been phrased in "absolute terms." Please let us know whether Plaintiffs have withheld any information on the basis of this objection.

**Interrogatory No. 1: Identify each purported class action in which You have served or sought to serve as a class representative (either in your complaint or through motion practice) at any time.**

Plaintiffs' response to Interrogatory No. 1 is deficient. The identification of cases in which Plaintiffs have served or sought to serve as a class representative are matters of public record and therefore are not protected by any privilege.

Your response indicates that Plaintiff Flores "may have been a named plaintiff" in two prior class actions yet does not identify the attorneys or the case name for these actions. Please explain whether you have conducted a reasonable investigation related to this issue and the steps you took to answer this Interrogatory. We found what appears to be the ICC matter by performing Google searches, which took less than five minutes. That matter appears to be case no. 12-0127. Your

August 9, 2021
Page 12

refusal to provide this easily accessible information calls into question Plaintiffs' diligence in responding to any of the discovery issued by Defendants.

Please provide the case names, numbers, courts in which the cases were filed, and identity of Plaintiff Flores' former attorney(s) within seven business days.

**Interrogatory No. 2: Identify and describe with particularity all lawsuits and arbitrations in which you were a plaintiff or a defendant and all administrative, enforcement, criminal, or disciplinary actions directed against you at any time by any federal, state, or local court, agency, or licensing board or body, and for each such matter, state the full title or caption of the case, the docket number and the court or forum in which it was or is pending, the nature of the claims at issue, the relief sought, the name of your counsel, and the disposition or status of the litigation or proceeding.**

Interrogatory No. 2 requests information concerning other lawsuits and arbitrations in which Plaintiffs were involved. Plaintiffs' objections that this Interrogatory is overly broad and unduly burdensome are hardly applicable to what was asked: an identification of all other lawsuits and arbitrations to which Plaintiffs were a party and certain details concerning those lawsuits and arbitrations. This request is relevant to, among other things, issues concerning the adequacy of lead plaintiffs and their counsel to represent the putative class, and the typicality of lead plaintiffs' alleged claims, among other matters. Moreover, in response to Interrogatory No. 4, Plaintiffs have indicated that Loevy & Loevy has served as counsel to Plaintiffs Lewis and Gomez in other cases. Such information—and the non-privileged details of that representation—is directly responsive to Interrogatory No. 2.

Please confirm Plaintiffs will supplement their response within seven days.

**Interrogatory No. 3: Identify and describe any sworn testimony you have provided in any legal proceeding in the past ten years, including the caption, case number, court, date of testimony, and your role in the proceeding.**

Interrogatory No. 3 requests information concerning sworn testimony Plaintiffs have provided. This is relevant to the allegations concerning Plaintiffs' litigation history found in the Amended Complaint, as well as, among other things, issues concerning the adequacy of Plaintiffs and their counsel to represent the putative class, and the typicality of Plaintiffs' alleged claims, among other matters. Plaintiffs indicate that sworn testimony is equally available to both sides. While this is not a permissible objection (*see* Request for Production No. 11 above), it is also untrue. Sworn deposition testimony is often unfiled, and even where filed it is unsearchable. Arbitration testimony is often entirely unavailable. At this time, Defendants have not even requested the testimony itself. Defendants instead simply requested identification of any testimony that occurred. Please confirm that Plaintiffs will provide the requested information within seven business days.

August 9, 2021
Page 13

**Interrogatory No. 4**: Identify and describe the circumstances that caused you to engage your counsel in this class-action litigation, including the circumstances whereby you became aware of such counsel and their availability to represent you in this class-action litigation and describe every business, financial, professional, investment, personal, or other relationship that you ever have had with any of your attorneys in this action.

Interrogatory No. 4 requests information concerning Plaintiffs' engagement of counsel and other details concerning their relationship with their counsel. Plaintiffs' answers do not provide the details requested, including any description of the circumstances that caused Plaintiffs to engage counsel, or how they became aware of the availability of counsel to represent them in this litigation. While the answer acknowledges that Lewis and Gomez have engaged Loevy & Loevy to represent their interests in other matters, the response provides no details concerning those matters or the business, financial, professional, investment, or other relationships with counsel. Please confirm that Plaintiffs will supplement Plaintiffs' response within seven business days.

**Interrogatory #5**: Identify the date on which You first communicated for the purpose of seeking legal advice or representation in this matter with the law firm of Loevy & Loevy and identify all communications between You and Loevy & Loevy before that date.

Interrogatory No. 5 seeks information concerning non-privileged communications between Loevy & Loevy and Plaintiffs. The date on which Loevy & Loevy was retained is not privileged, nor is merely identifying communications before that date. Notwithstanding your objections, you have answered, but answered incompletely and only state the obvious fact that Plaintiffs have retained Loevy & Loevy. Please confirm that you will supplement your responses and provide complete information responsive to this request within seven business days.

**Interrogatory No. 6**: Identify and describe any oral and/or written agreements entered into by You in connection with the above-captioned action.

Interrogatory No. 6 seeks non-privileged oral and written agreements related to *this* litigation. Plaintiffs' assertion of privilege is misplaced. As noted above, engagement letters and other agreements are not privileged. *Stopka*, 816 F. Supp. 2d at 532-33; *Hollnagel*, 2010 WL 11586980 at *17.

Further, this Interrogatory requests only information related to *this* litigation and is relevant to among other things, issues concerning the adequacy of lead plaintiffs and their counsel to represent the putative class, and the typicality of lead plaintiffs' alleged claims, among other matters.

**Interrogatory No. 7**: Identify and describe in detail the nature, amount, and date of any direct or indirect compensation to You or compensation for the benefit of You from any

Case: 1:20-cv-01128 Document #: 49-15 Filed: 09/14/21 Page 15 of 18 PageID #:459

August 9, 2021
Page 14

**person relating to this case, including compensation made or expected to be made, whether or not contingent on the outcome of this lawsuit.**

Interrogatory No. 7 requests information about compensation Plaintiffs have received or expect to receive based on this litigation. Your objection that such information is privileged is not supported by caselaw. *Sullivan v. Alcatel-Lucent USA, Inc.*, 2013 WL 2637936, at *2 (N.D. Ill. June 12, 2013) ("[P]ayment of fees and information regarding fees are generally not privileged."); *Stopka*, 816 F. Supp. 2d at 532-33; *Hollnagel*, 2010 WL 11586980, at *17. *See also Jeanbaptiste v. Wells Fargo Bank, N.A.*, No. 3:14-CV-0264-K, 2014 WL 6790737, at *3 (N.D. Tex. Dec. 1, 2014) (holding that the Defendant failed to demonstrate how the attorney-client privilege or work product doctrine applied to unredacted attorney's fees invoices).

"Direct or indirect compensation" and "compensation . . . expected to be made" is commonly understood. Please explain what you do not understand about this Interrogatory within seven business days or otherwise supplement your response.

**Interrogatory No. 8: Identify each and every person with whom You communicated relating to Defendants or this lawsuit**.

Interrogatory No. 8 seeks information concerning non-privileged communications Plaintiffs have had regarding Defendants or this lawsuit. In a partial response to this Interrogatory, Plaintiffs have indicated that Plaintiff Flores has discussed "the fact of his participation in this litigation with friends and members of his family." Please identify the individuals with whom Plaintiff Flores spoke and the dates of those interactions.

Plaintiffs have not explained how this Interrogatory is overly broad and unduly burdensome, and the interrogatory makes clear that it is limited to "*this* lawsuit" (emphasis added). To avoid further dispute, the Interrogatory is limited in time to communications since Plaintiffs first spoke with Loevy & Loevy about serving as plaintiffs in this case. To the extent that Plaintiffs believe information responsive to this interrogatory is privileged, please state with specificity which privilege applies and provide sufficient information so that Defendants may assess your claim of privilege as required by Rule 26(b)(5).

**Interrogatory No. 9: Identify and describe each and every communication You have had with any putative class member and each and every unsuccessful attempt You had made at communicating with any putative class member.**

Interrogatory No. 9 requests nonprivileged communications regarding class recruitment. Plaintiffs response to Interrogatory No. 9 contains several objections, none of which are applicable. Interrogatory No. 9 only seeks information presently known to Plaintiffs. To avoid further dispute, this Interrogatory is limited to this litigation. Plaintiffs have previously used the term "putative class member." To the extent you still do not understand this request, please explain what you do

August 9, 2021
Page 15

not understand about the request within seven business days or otherwise supplement your response.

**Interrogatory No. 10:  Identify all instances where You have been arrested by federal, state, or local law enforcement, including (a) date of arrest; (b) arresting agency; (c) location of arrest; (d) reasons for arrest; and (e) result of criminal proceeding following arrest.**

Interrogatory No. 10 seeks information about Plaintiffs' arrests. This Interrogatory clearly asks for "all instances" in which Plaintiffs have been arrested, not just those that correlate with any of Plaintiffs' photos in the FaceSearch Gallery. Plaintiffs' assertion that this request was made "for purposes of harassment and embarrassment" is unfounded. This request was made because Plaintiffs are proposed class representatives in a case that is entirely based on allegations that Defendants harmed Plaintiffs through the use of Plaintiffs' Mugshots.

**Interrogatory Nos.  11 – 16**

Interrogatory Nos. 11 – 16 seek identification of the bases for various allegations in the complaint.

Plaintiffs' response that each of these Interrogatories is a "premature contention interrogatory" is misplaced. Federal Rule of Civil Procedure 11 requires parties to have evidentiary support for their factual allegations. *See* Fed. R. Civ. P. 11(b). This is precisely what we have requested in these Interrogatories. Plaintiffs' references to certain other paragraphs in the Complaint in response to these Interrogatories—for example in response to Interrogatory No. 13—do not "identify the factual basis" for the specified allegation and are not responsive to the Interrogatory. To the extent that Plaintiffs believe information responsive to any of these interrogatories is privileged, please state with specificity which privilege applies and provide sufficient information so that Defendants may assess your claim of privilege as required by Rule 26(b)(5).

**Interrogatory No. 17:  Identify the date You came to believe that Your Mugshot was included in the FaceSearch image gallery and the basis for Your belief at that time.**

Interrogatory No. 17 requests information concerning Plaintiffs' beliefs about their allegations in this case. Plaintiffs have not adequately responded to this Interrogatory. Plaintiffs only explain that they came to believe their mugshot was in the FaceSearch image gallery "prior to filing the lawsuit." Plaintiffs have not identified a more precise timeline, explained how Plaintiffs came to believe this, or otherwise provided the factual basis for this belief.

August 9, 2021
Page 16

**Interrogatory No. 18: Identify all instances in which You attempted to have Your Mugshot removed from (i) the public record; or (ii) the FaceSearch image gallery, and the affirmative steps taken by You in connection with each attempt.**

Interrogatory No. 18 requests information about Plaintiffs' attempts to remove their mugshots from the public record. Plaintiffs state—without explanation—that this request calls for a legal conclusion, assumes facts not in evidence, and lacks foundation, and seeks to impute a legal obligation on plaintiffs. Plaintiffs provide no basis for any of these assertions, and they are improper objections in any event. Moreover, Plaintiffs have alleged that they have been harmed by Defendants' use of their mugshots. Defendants are entitled to know how Plaintiffs have attempted to address that harm.

Plaintiffs also object that "public record" is undefined and state that Plaintiffs interpret it to mean only information that is "publicly-accessible on the Internet." As discussed in connection with Flores Request for Admission No. 2, the definition of "public record" is broader than Plaintiffs' construction, and the definition used in Flores Request for Admission No. 2 applies here.

**Interrogatory No. 20: Identify any actual damages that You assert You suffered as a result of Defendants' alleged actions, and quantify (or provide an estimate of) the monetary amount of such actual damages.**

Interrogatory No. 20 requests information about Plaintiffs' damages. Plaintiffs' objection that this Interrogatory is premature is misplaced. Our interrogatories seek information currently known to Plaintiffs. Defendants need not wait until the eve of trial to obtain discovery on those matters relevant to the claims and allegations that Plaintiffs have asserted. Plaintiffs' response does not give any indication what the "full extent of damages suffered" may be if they are separate from the statutory damages that Plaintiffs identify in response to the Interrogatory. If there are damages apart from the statutory damages that account for the "full extent of damages suffered," that information should be identified in the response to this Interrogatory. To the extent that Plaintiffs believe information responsive to this Interrogatory is privileged, please state with specificity which privilege applies and provide sufficient information so that Defendants may assess your claim of privilege as required by Rule 26(b)(5).

**Interrogatory No. 21: Provide your full name, date of birth, place of birth, any alias used or reported to use, and place of residency**.

Interrogatory No. 21 requests uncomplicated biographical information about Plaintiffs. Please precisely explain what you do not understand about this interrogatory within seven business days or otherwise supplement your response.

August 9, 2021
Page 17

**Interrogatory No. 22:** Identify any social media accounts or other media, platform, communications where You have posted Your own image in a social media, internet, or public forum.

Interrogatory No. 22 seeks information about how Plaintiffs have handled their image. Plaintiffs' boilerplate assertions that the request is unduly burdensome and overbroad are improper, and Plaintiffs' response that the request is propounded for harassment is unfounded. The allegations against Defendant involve purported violations of the Plaintiffs' privacy through the use of their Mugshots. The opening paragraphs of the Complaint discuss at length the uniqueness and importance of an individual's face and protecting it. *See* First. Am. Compl. ¶¶ 1-2. How Plaintiffs have handled their own image and whether they have held it out publicly is relevant to, among other things, issues concerning the adequacy of lead plaintiffs and their counsel to represent the putative class, and the typicality of lead plaintiffs' alleged claims, among other matters.

\*\*\*

We look forward to discussing these matters.

Sincerely,

*/s Andrew Vail*

Andrew Vail

cc: David Layden; Jason Bradford; Alexis Bates