**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IRENE SIMMONS AND RODELL SANDERS,   )
for themselves and others similarly situated,   )
  )
    Plaintiffs,   )  Case No. 20 C 1128
  )
v.   )  Judge Charles R. Norgle, Sr.
  )
MOTOROLA SOLUTIONS, INC., and   )  Magistrate Judge Jeffrey I. Cummings
VIGILANT SOLUTIONS, LLC,   )
  )
    Defendants.   )

**STIPULATION**

Pursuant to the Court's May 19, 2022 Minute Entry (Dkt. 98) and its rulings on the record during the May 19, 2022 hearing regarding the Fed. R. Civ. P. 56(d) request of Plaintiffs Irene Simmons and Rodell Sanders (collectively, "Plaintiffs") for discovery relating to the First Amendment argument set forth in Section II of Defendants' Amended Memorandum of Law in Support of Defendants' Amended Motion for Summary Judgment (Dkt. 112) (the "First Amendment Argument"), Plaintiffs and Defendants Motorola Solutions, Inc. and Vigilant Solutions, LLC (collectively, "Defendants"), by and through their respective counsel, hereby stipulate as follows in connection with the parties' briefing of and arguments regarding the First Amendment Argument and the Court's, and any reviewing court's, adjudication of the First Amendment Argument:

1.    When Defendants processed for the purposes indicated by the factual record in this case the facial images of Plaintiffs in photographs obtained by Defendants, which photographs Defendants contend are government records, Defendants: (a) collected, captured, extracted and otherwise obtained each Plaintiff's "biometric identifiers" and "biometric information," as those

terms are defined in the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/10; and (b) then published the biometric identifiers and biometric information of each Plaintiff that they collected, captured, extracted, or otherwise obtained from those photographs.

2. Defendants did not collect, capture, extract, or otherwise obtain the biometric identifiers and/or biometric information described in paragraph 1, above, by taking any manual measurements of the faces or facial features in the photographs.

This Stipulation may be used solely in connection with the parties' briefing of and arguments regarding the First Amendment Argument in Defendants' Amended Memorandum of Law in Support of Amended Motion for Summary Judgment (Dkt. 112) and the Court's, and any reviewing court's, adjudication of the First Amendment Argument in that Amended Memorandum (*id.*), and it does not limit, prohibit or foreclose Plaintiffs' ability to seek and obtain discovery on any of the issues addressed by this Stipulation following the disposition of Defendants' Amended Motion for Summary Judgment (Dkt. 111) or in connection with any further amended motion for summary judgment that Defendants may file that materially modifies the First Amendment Argument in the currently filed Amended Memorandum of Law in Support of Amended Motion for Summary Judgment (Dkt. 112), with Defendants reserving all rights to object to any such discovery requests. The Stipulation does not constitute an agreement, stipulation, admission, or concession by Defendants for any other purpose, either in this proceeding or in any other proceeding.

IT IS SO STIPULATED.

Dated: August 31, 2022

IRENE SIMMONS and RODELL
SANDERS

*/s/ Scott R. Drury*
SCOTT R. DRURY
*One of Plaintiffs' Attorneys*

Mike Kanovitz
Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
mike@loevy.com
drury@loevy.com
**Counsel for Plaintiffs**

MOTOROLA SOLUTIONS, INC. and
VIGILANT SOLUTIONS, LLC

*/s/ David C. Layden*
DAVID C. LAYDEN
*One of Defendants' Attorneys*

David C. Layden
Andrew W. Vail
JENNER & BLOCK LLP
335 N. Clark Street
Chicago, Illinois 60654
312.222.9350
dlayden@jenner.com
avail@jenner.com
**Counsel for Defendants**

3